IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:20-cv-00164-MR

| | |
|---|---|
| JONATHAN ANTHONY LEE TORRES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ERIC DYE, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Amended Complaint [Doc. 17]. The Plaintiff is proceeding in forma pauperis. [Doc. 9].

**I.   BACKGROUND**

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 for incidents that allegedly occurred at the Alexander Correctional Institution. On July 28, 2021, the Court conducted an initial review of the Complaint. [Doc. 12]. Specifically, the Court allowed the Plaintiff to proceed with First Amendment retaliation claims against Defendants Biecker, Brown, Carroll, Chester, Clawson, Delozier, Dye,

Franks, Morrison,[1] Moss, Poteat, Powell, and Turner, and a due process claim against Defendant Moss. [Id. at 28-29]. The Court dismissed without prejudice the Plaintiff's other claims that the Defendants violated due process; violated prison policy; denied him access to the courts; violated equal protection; exposed him to cruel and unusual conditions of confinement; and conspired to violate his civil rights. [Id.]. The Plaintiff was given the opportunity to amend his Complaint in order to address the deficiencies identified in the Court's Order. [Id.].

The Amended Complaint is now before the Court for initial review. [Doc. 17]. The Plaintiff continues to assert claims of retaliation, due process violations, conspiracy, and an equal protection violation. The Plaintiff seeks to assert new claims under North Carolina law of negligence and violations of the North Carolina Constitution. [Id. at 3]. He seeks a declaratory judgment; injunctive relief; nominal, compensatory, and punitive damages; reasonable costs and attorney's fees;[2] and other relief the court may deem just and proper. [Id. at 5].

---

[1] Also spelled "Morrsion" in the Amended Complaint. [Doc. 17 at 15].

[2] The Plaintiff is not represented by counsel at this time.

2

## II.  STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Disciplinary Proceedings

Construing the Amended Complaint liberally, the Plaintiff appears to reiterate his claim that Defendant Moss violated due process with regards to a disciplinary video, and he further claims that Defendant Blackburn violated due process by finding him guilty of a disciplinary infraction. [Doc. 17 at 5, 20]. The claim against Defendant Moss will again be permitted to proceed, and the claim against Defendant Blackburn will be dismissed, for the same reasons previously stated. [Doc. 12 at 8-9].

### B. Retaliation

The Plaintiff appears to assert a similar retaliation claim to the one that previously passed initial review. [Doc. 17 at 17-18]. For the reasons stated in its prior Order, the Court concludes that the Plaintiff has again stated retaliation claims against Defendants Biecker, Brown, Carroll, Chester, Clawson, Delozier, Dye, Franks, Morrison, Moss, Poteat, Powell, and Turner. [Doc. 12 at 18-20].

## C. Conspiracy

The Plaintiff claims that Defendant Blackburn and the other Defendants conspired to retaliate against him, and to destroy and tamper with evidence in retaliation for the Plaintiff's filing grievances and reports complaining about staff. [Doc. 17 at 20]. He claims that "every Defendant listed played a piece of the puzzle." [Id.]. The Plaintiff's conclusory allegations of conspiracy fail to demonstrate any meeting of the minds among the Defendants. [See Doc. 12 at 26]. Accordingly, this claim is dismissed.

## D. Classification and Housing

The Plaintiff again complains that he was placed in RDU without due process. [Id. at 21-23]. For the reasons previously stated, the Plaintiff fails to state a clam for a procedural due process violation. [Doc. 12 at 8, 16]. To the extent that the Plaintiff now attempts to state a substantive due process claim, it is duplicative of his challenge to the conditions of his confinement in the RDU program at Marion CI that is presently pending in another § 1983 lawsuit before this Court, Case No. 1:21-cv-00068-MR. This claim fails with regard to Alexander CI employees for the same reasons it fails at Marion. See also Williams v. Benjamin, 77 F.3d 756, 768 (4th Cir. 1996) ("it is now well established that the Eighth Amendment 'serves as the primary source

of substantive protection to convicted prisoners,' and the Due Process Clause affords a prisoner no greater substantive protection 'than does the Cruel and Unusual Punishments Clause.'") (quoting Whitley v. Albers, 475 U.S. 312, 327 (1986)). The allegations also fail to state a claim for the reasons previously stated. [See Doc. 12 at 8, 16]. Accordingly, the Plaintiff's procedural and substantive due process challenges to his RDU placement are dismissed.

### E. Equal Protection

The Plaintiff claims that he is being treated differently in RDU than other inmates who are classified as "general population" who are not in the RDU. [Doc. 17 at 23-24]. This claim is duplicative of the Plaintiff's unsuccessful equal protection claim against Marion CI employees in Case No. 1:21-cv-0068-MR. This claim also fails to state a claim, and cannot proceed against the Defendants in the instant case, who are all employed at the Alexander CI rather than Marion CI. Accordingly, this claim is dismissed.

### F. Supplemental Jurisdiction

The Plaintiff asserts "state claims of negligence, N.C. State Constitution Article I, Section 1, 19." [Doc. 17 at 3].

Federal district courts may entertain claims not otherwise within their adjudicatory authority when those claims "are so related to claims ... within

6

[federal-court competence] that they form part of the same case or controversy." 28 U.S.C. § 1367(a). To exercise supplemental jurisdiction, a court must find that "[t]he state and federal claims ... derive from a common nucleus of operative fact" where a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). When a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims." Artis v. Dist. of Columbia, 138 S.Ct. 594, 595 (2018); see § 1367(c)(3). A district court may also dismiss the related state claims if there is a good reason to decline jurisdiction. See § 1367(c)(1), (2), and (4).

"Claims brought under the North Carolina Constitution may be asserted only against state officials acting in their official capacities." Love-Lane v. Martin, 355 F.3d 766, 789 (4th Cir. 2004); see Corum v. Univ. of N.C., 330 N.C. 761, 413 S.E.2d 276, 289, 293 (1992) ("in the absence of an adequate state remedy, one whose state constitutional rights have been abridged has a direct claim against the State under our Constitution."). A plaintiff whose rights under the North Carolina Constitution have been violated may pursue an action directly under the state constitution only if

there is no other remedy under state law to redress the violation.  Corum, 413 S.E.2d at 289.

Article I, Section 19 addresses due process.  This right under the North Carolina Constitution is synonymous with federal due process rights.  See Frye v. Brunswick Cty. Bd. of Educ., 612 F. Supp. 2d 694, 705 (E.D.N.C. 2009).  The Plaintiff's federal due process claim against Defendant Moss has passed initial review.  Therefore, the Court will exercise supplemental jurisdiction over the § 19 claim against Defendant Moss at this time.

Article I, Section 1 states in pertinent part that "all persons are ... endowed by their Creator with certain inalienable rights," including "the enjoyment of the fruits of their own labor." N.C. Const. Art. I, § 1.  The Plaintiff fails to set forth any factual allegations in support of a Section 1 claim, and no similar federal claim has passed initial review.  Accordingly, the Court declines to exercise supplemental jurisdiction over the Plaintiff's Section 1 claim at this time.

In support of his negligence claim, the Plaintiff states that: "[a]ll conduct by all listed Defendants, as listed and backed by evidence is negligence by staff which resulted in all listed claims, conduct from staff resulted negligence." [Id. at 24].  North Carolina law requires that, "in order to prevail in a negligence action, [a plaintiff] must offer evidence of the essential

8

Case 5:20-cv-00164-MR    Document 19    Filed 03/02/22    Page 8 of 10

elements of negligence: duty, breach of duty, proximate cause, and damages." Blackwell v. Hatley, 202 N.C.App. 208, 212, 688 S.E.2d 742, 746 (2010); Camalier v. Jeffries, 340 N.C. 699, 460 S.E.2d 133, 136 (1995). The Plaintiff's allegations are too vague and conclusory to state a negligence claim against any Defendant, and no related federal claim has passed initial review. Thus, the Court declines to exercise supplemental jurisdiction over such claim at this time.

## IV. CONCLUSION

In sum, the Complaint has passed initial review against Defendants Biecker, Brown, Carroll, Chester, Clawson, Delozier, Dye, Franks, Morrison, Moss, Poteat, Powell, and Turner for retaliation, and against Defendant Moss for violating due process with regards to the disciplinary video. The Court will exercise supplemental jurisdiction over the Article I, Section 19 claim against Defendant Moss at this time. The remaining claims are dismissed without prejudice.

In light of the Court's determination that this case passes initial review in accordance with this Order, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Biecker, Brown, Carroll, Chester, Clawson, Delozier, Dye,

Franks, Morrison, Moss, Poteat, Powell, and Turner, who are alleged to be current or former employees of NCDPS.

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint [Doc. 17] has passed initial review against Defendants Biecker, Brown, Carroll, Chester, Clawson, Delozier, Dye, Franks, Morrison, Moss, Poteat, Powell, and Turner for retaliation, and against Defendant Moss for violating due process. The Court will exercise supplemental jurisdiction over the Plaintiff's Article I, Section 19 claim against Defendant Moss.

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Biecker, Brown, Carroll, Chester, Clawson, Delozier, Dye, Franks, Morrison, Moss, Poteat, Powell, and Turner, who are alleged to be current or former employees of NCDPS.

**IT IS SO ORDERED.**

Signed: March 2, 2022

Martin Reidinger
Chief United States District Judge