IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:20-cv-00164-MR

JONATHAN ANTHONY LEE TORRES,  )
                              )
            Plaintiff,        )
                              )
vs.                           )        **ORDER**
                              )
ERIC DYE, et al.,             )
                              )
            Defendants.       )
_____)

**THIS MATTER** is before the Court sua sponte.

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution. [Doc. 1]. The Complaint passed initial review on claims including a First Amendment retaliation claim against Defendant Elizabeth N. Powell, and the Court granted the Plaintiff the opportunity to amend. [Doc. 12]. On March 2, 2022, the Amended Complaint passed initial review on claims including the retaliation claim against Defendant Powell. [Doc. 19]. The Court ordered the Clerk to commence the procedure for waiver of service that same day. [Id.; see Doc. 20]. The North Carolina Department of Public Safety (NCDPS) was unable to waive service of process for Defendant Powell, who is no longer employed

at NCDPS, but provided her last known address under seal. [See Doc. 23]. On May 5, 2022, the Court ordered the U.S. Marshals Service (USMS) to use all reasonable efforts to locate and obtain service on Defendant Powell. [Doc. 25].

On July 7, 2022, the summons for Defendant Powell was returned unexecuted. [Doc. 30]. The summons indicates that the USMS attempted service at the address provided by NCDPS on three occasions, and that all of those attempts were unsuccessful. [Id.].

The Federal Rules of Civil Procedure allow a court to dismiss sua sponte unserved defendants after 90 days[1] following the filing of the complaint. Fed. R. Civ. P. 4(m); see also Fed. R. Civ. P. 6(b)(1)(B) (when an act must be done within a specified time, a court may, for good cause, extend that time on motion made after the time has expired if the party failed to act because of excusable neglect). This period is tolled until frivolity review is complete and the district court authorizes service. See Robinson v. Clipse, 602 F.3d 605 (4th Cir. 2010).

---

[1] The Plaintiff cites legal authority in his Response stating that the time for service under Rule 4 is 120 days. [See Doc. 32 at 2]. The presumptive time for serving a defendant was reduced from 120 days to 90 days when Rule 4 was amended in 2015.

On July 14, 2022, the Court ordered the Plaintiff to show cause, within 14 days, showing cause why Defendant Powell should not be dismissed from this action pursuant to Rule 4(m). [Doc. 31]. The Plaintiff was cautioned that the failure to comply with the Order would result in the dismissal of Defendant Powell from this action without prejudice and without further notice. [Id. at 2-3].

On July 24, 2022,[2] the Plaintiff filed a Response arguing that Defendant Powell could have been located had service been attempted as soon as the Amended Complaint was filed, and that her dismissal will limit his ability to obtain effective discovery because there are "important questions only Defendant Powell would be able to answer…." [Doc. 32 at 2]. He therefore asks the Court to "leave Defendant Powell as a Defendant…." [Id.].

Defendant Powell has not been timely served, and the Plaintiff has failed to show good cause why the service period should be extended. Therefore, Defendant Powell will be dismissed from this action without prejudice pursuant to Rule 4(m).

---

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

3

Case 5:20-cv-00164-MR   Document 33   Filed 08/16/22   Page 3 of 4

**IT IS THEREFORE ORDERED** that Defendant Elizabeth N. Powell is **DISMISSED WITHOUT PREJUDICE** from this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED .**

Signed: August 16, 2022

Martin Reidinger
Chief United States District Judge