# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:20-cv-00164-MR

| | |
|---|---|
| JONATHAN ANTHONY LEE TORRES, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> ERIC DYE, et al., ) <br> ) <br> **Defendants.** ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Amend the Amended Complaint [Doc. 37], and on initial review of the proposed Second Amended Complaint [Doc. 37-1]. Also pending are the Plaintiff's "Motion to Opt-Out of Services from North Carolina Prison Legal Services" [Doc. 35]; "Request for Subpoenas for Depositions of Fact Witnesses" [Doc. 38]; Motion to Compel Discovery [Doc. 42]; Motion to Extend the Case Management Order [Doc. 44]; and Motion for Written Deposition on Non-Party Fact Witnesses [Doc. 47].[1] The Plaintiff is proceeding in forma pauperis. [Doc. 9].

---

[1] The Plaintiff recently filed a Motion for Sanctions [Doc. 45] to which the Defendants have responded [Doc. 49]. However, the Plaintiff's time to reply has not yet expired.

## I. BACKGROUND

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution.[2] The Complaint [Doc. 1] passed initial review against Defendants Biecker, Brown, Carroll, Chester, Clawson, Delozier, Dye, Franks, Morrison, Moss, Poteat, Powell, and Turner, for retaliation, and against Defendant Moss for a due process violation. [Doc. 12]. The Court granted the Plaintiff the opportunity to amend [id.], and the Amended Complaint [Doc. 17] passed initial review on the same § 1983 claims. [Doc. 19]. The Court also exercised supplemental jurisdiction over the Plaintiff's claim against Defendant Moss for violating North Carolina Constitution Article I, Section 19. [Doc. 19]. All of the Defendants were served and filed an Answer except for Defendant Powell, whom the Court dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. [Docs. 29, 33]. The Court entered a Pretrial Order and Case Management Plan setting the deadline to amend and add parties as September 30, 2022, the discovery cutoff date as December 9, 2022, and the deadline to file dispositive motions as January 9, 2023. [Doc. 34]. The Pretrial Order also appointed North Carolina Prisoner Legal Services (NCPLS) to assist the

---

[2] The Plaintiff is presently incarcerated at the Marion Correctional Institution.

Plaintiff with discovery pursuant to the Plaintiff's requests. [Docs. 15, 16 (Plaintiff's Responses to Notice (NCPLS))].

The Motion to Amend is granted,[3] and the Second Amended Complaint will be reviewed for frivolity pursuant to 28 U.S.C. § 1915.

The Plaintiff continues to assert claims of retaliation, due process violations, and violations of North Carolina Constitution Article 1, Section 19.[4] [Doc. 37-1 at 3]. He seeks to add § 1983 claims for "supervisor liability," and claims under North Carolina law for negligence, and for violations of North Carolina Constitution Article 1, Section 1. [Id.]. He seeks a declaratory judgment; injunctive relief; nominal, compensatory, and punitive damages; reasonable costs and attorney's fees;[5] a jury trial, and other relief the court may deem just and proper. [Id. at 1, 5].

---

[3] After a first amendment as a matter of right, a plaintiff may amend with permission from the court, which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2).

[4] The Plaintiff does not appear to reassert his claims for property deprivations, his placement in segregation, the denial or rejection of his grievances, equal protection violations, violation of his right to access to the courts, cruel and unusual punishment, conspiracy, or violations of prison policy and procedure. Even if he had attempted to do so, these claims would be dismissed for the same reasons previously discussed. [See Doc. 12].

[5] The Plaintiff is not represented by counsel at this time.

3

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Second Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

### A. Disciplinary Proceedings

Construing the Second Amended Complaint liberally, the Plaintiff reiterates his claim that Defendant Moss violated due process with regard to a disciplinary video. This claim again passes initial review, as it is not clearly frivolous. [See Doc. 12 at 7-8].

The Plaintiff appears to claim that Defendants Morrison, Brown, and Poteat fabricated disciplinary charges against him, and that Defendant Dye approved the erroneous removal of the Plaintiff's mother from the Plaintiff's visitation list. [Doc. 37-1 at 23, 32-33, 35-36]. These claims are dismissed for the same reasons previously discussed. [See Doc. 12 at 6-7].

The Plaintiff also claims that his written statement was not attached to a disciplinary report, and that Defendant Chester was not provided as a witness at a disciplinary hearing pursuant to Plaintiff's request. [Doc. 37-1 at 33]. These allegations appear to refer to the March 29, 2020 infraction that was heard before DHO Patricia Blackburn on April 7, 2020. [Id.; see Doc. 1-1 at 13 (Record of Hearing)]. The Plaintiff fails to explain which Defendant(s) he is attempting to hold liable for failing to call Defendant Chester as a witness, and for failing to attach his written statement to the

5

disciplinary report. As such, this claim is too vague and conclusory to proceed.[6] [See Doc. 12 at 17-18].

## B. Classification and Housing

To the extent that the Plaintiff again claims that he was improperly placed in full restraints for six hours, this fails to state a claim for the reasons previously discussed.[7] [See Doc. 12 at 13-14].

## C. Retaliation

The Plaintiff appears to assert the retaliation claims against Defendants Biecker, Brown, Carroll, Chester, Clawson, Delozier, Dye, Franks, Morrison, Moss, Poteat, and Turner that previously passed initial review. [Doc. 37-1 at 23-25, 28-29, 31-32, 34-36]. For the reasons discussed in its prior Order, the Court concludes that the Plaintiff's retaliation claims pass initial review against these Defendants, in that such claims are not clearly frivolous. [Doc. 12 at 18-20].

---

[6] This claim also cannot proceed to the extent that it refers to individuals who are not named as a defendants. See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity").

[7] For the reasons previously discussed, this claim would also be dismissed if the Plaintiff had asserted it as an Eighth Amendment violation. [See Doc. 12 at 23-26].

6

### D. Supervisory Liability

The Plaintiff asserts a claim for "supervisor liability." [Doc. 37 at 1]. He appears to claim that Defendants Biecker, Brown, Chester, Clawson, Dye, Moss, and Poteat, have supervisory responsibilities [Doc. 37-1 at 16-22]; that Defendants Dye, Brown, and Poteat allowed their subordinates to violate the Plaintiff's constitutional rights by, *inter alia*, placing him in full restraints for six hours [Doc. 37-1 at 5, 32-34]; and that Defendants Chester, Biecker, and Dye allowed their subordinates to retaliate against the Plaintiff [id. at 23, 32-35] and to fabricate evidence and disciplinary infractions against him [id. at 23, 34-35].

A supervisor can be liable under § 1983 where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) that there was an "affirmative causal link" between his inaction and the constitutional injury." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted).

The Plaintiff's retaliation claims have already passed initial review against Defendants Biecker, Chester and Dye. To the extent that the Plaintiff seeks to asserts retaliation claims against those Defendants on a

7

supervisory theory as well, those claims will likewise be allowed to pass initial review.  The Plaintiff's other supervisory claims are dismissed because they are based on the theory of *respondeat superior* [see Doc. 12 at 5-6], and/or they are based on claims of underlying actions by subordinates that did not themselves pass initial review.  See Waybright v. Frederick Cnty., Md., 528 F.3d 199, 203 (4th Cir. 2008) ("supervisors … cannot be liable under § 1983 without some predicate 'constitutional injury at the hands of the individual [state] officer,' at least in suits for damages.") (quoting City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986)).  Accordingly, the Plaintiff's claims based on supervisory liability have passed initial review against Defendants Biecker, Chester and Dye for retaliation, but the remaining supervisory claims are dismissed.

    **E.    Supplemental Jurisdiction**

The Plaintiff again asserts a claim for the violation of North Carolina Constitution Article I, Section 1.  However, he has again failed to allege any facts in support of such a claim, and the Court declines to exercise supplemental jurisdiction for the same reasons previously discussed.  [Doc. 19 at 8].

The Plaintiff again asserts a claim for the violation of North Carolina Constitution Article I, Section 19 against Defendant Moss.  [Doc. 37-1 at 3].

8

The Court previously exercised supplemental jurisdiction over Plaintiff's claim against Defendant Moss for violating Article I, Section 19 and it does so again for the same reasons. [See Doc. 19 at 8].

The Plaintiff also appears to assert North Carolina negligence claims against: Defendants Biecker, Brown, Carroll, Chester, Delozier, Dye, Morrison, Poteat, and Turner with regard to the alleged retaliation [Doc. 37-1 at 23-24, 26, 32-36]; against Defendants Dye and Turner with regard to the full-restraint incident [id. at 33-34]; against Defendant Moss with regard to the disciplinary video [id. at 23-24]; and against NCDPS for negligently training its SRG staff [id. at 27-28].

The Court will exercise supplemental jurisdiction over the negligence claim against Defendant Moss, Biecker, Brown, Carroll, Chester, Delozier, Dye, Morrison, Poteat, and Turner insofar as they are related to § 1983 claims have passed initial review. However, the remaining claims are not related to any § 1983 claim that has passed initial review and the Court declines to exercise supplemental jurisdiction over them at this time. [See Doc. 19 at 6-9].

F.  **Pending Motions**

In the Motion to Opt-Out of Services from North Carolina Prisoner Legal Services [Doc. 35], the Plaintiff asks the Court to withdraw his request

9

for NCPLS's appointment because he wished to conduct discovery on his own. The Motion is denied as moot because NCPLS has filed a Notice of Non-Representation. [Doc. 36].

In his "Request"[8] [Doc. 38] and Motion for Written Deposition [Doc. 47], the Plaintiff appears to seek leave from the Court for the issuance of subpoenas to depose the following non-parties by written questions: Patricia Blackburn; Sergeant Goon; Sergeant Daves; Sergeant Wilson; and Jennifer Hice. [Doc. 47]. He claims that these individuals have "information relevant and critical to establish claims." [Doc. 47 at 1]. The Federal Rules of Civil Procedure provide that any person may be deposed by written questions upon stipulation of the parties, or leave of court. Fed. R. Civ. P. 31(a)(1)-(2). However, the Plaintiff does not claim to have served the written questions on the parties along with a notice informing them of the deponents' names and addresses, and identifying the officer before whom the depositions will be taken. See Fed. R. Civ. P. 31(a)(3). Nor does he state that he is willing or able to pay the expenses related to taking and recording such depositions.[9]

---

[8] The Court liberally construes the "Request" as a Motion for Subpoenas. The Plaintiff is reminded that requests to the Court must be in the form of Motions. [See Doc. 3 at ¶ 5 (Order of Instructions)]. Any future filings that fail to comply with the applicable rules and/or this Court's Orders will be disregarded and may be stricken.

[9] To the extent that the Plaintiff is attempting to serve interrogatories on non-parties, he may not do so. See Fed. R. Civ. P. 45 (providing for discovery from non-parties in the form of depositions, the production of documents, electronically stored information, or

10

See generally United States v. MacCollom, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress...."); see also Fed. R. Civ. P. 30(b)(3) (the party noticing a deposition must state in the notice the method for recording the testimony, and "[t]he noticing party bears the recording cost"). Accordingly, his requests for leave to depose witnesses by written questions, and for the issuance of subpoenas regarding the same, are denied.

In his Motion to Compel Discovery [Doc. 42], the Plaintiff claims that he served defense counsel with interrogatories on August 30, 2022; counsel did not respond within 30 days or request an extension of time; and the discovery he seeks is proper and appropriate. The Plaintiff states in his Motion to Extend Case Management Order [Doc. 44] that he has now received the Defendants' responses. Accordingly, the Motion will be denied as moot.

Finally, the Plaintiff moves for an extension of the case management deadlines because, *inter alia,* he needs additional time to review the Defendants' discovery responses, and to resolve discovery disputes with

---

tangible things in that person's possession, or the inspection of premises); see also Fed. R. Civ. P. 33 ("a party may serve on *any other party* no more than 25 written interrogatories….") (emphasis added).

defense counsel. [Doc. 44]. The Plaintiff's Motion will be granted in that the case management deadlines will be extended for 30 days.

## IV. CONCLUSION

In sum, the Motion to Amend is granted, and the Second Amended Complaint has passed initial review against Defendants Biecker, Brown, Carroll, Chester, Clawson, Delozier, Dye, Franks, Morrison, Moss, Poteat, and Turner for retaliation; against Defendant Moss for violating due process; and against Defendants Biecker, Chester, and Dye for supervisory liability as described in this Order. The Court will exercise supplemental jurisdiction over the Article I, Section 19 claim against Defendant Moss, and for North Carolina negligence against Defendants Biecker, Brown, Carroll, Chester, Delozier, Dye, Morrison, Moss, Poteat, and Turner as described in this Order. The remaining claims are dismissed without prejudice. The Plaintiff's Motion for an extension of the case management deadlines is granted and the remaining Motions are denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Motion to Amend [Doc. 37] is **GRANTED** and the Clerk is instructed to docket the Second Amended Complaint [Doc. 37-1] as a separate docket entry.

2. The Second Amended Complaint has passed initial review against Defendants Biecker, Brown, Carroll, Chester, Clawson, Delozier, Dye, Franks, Morrison, Moss, Poteat, and Turner for retaliation; against Defendant Moss for violating due process; and against Defendants Biecker, Chester, and Dye for supervisory liability as described in this Order. The Court will exercise supplemental jurisdiction over the Plaintiff's Article I, Section 19 claim against Defendant Moss, and over the Plaintiff's negligence claims against Defendants Biecker, Brown, Carroll, Chester, Delozier, Dye, Morrison, Moss, Poteat, and Turner as described in this Order.

3. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

4. The Plaintiff's "Motion to Opt-Out of Services from North Carolina Prison Legal Services" [Doc. 35] is **DENIED AS MOOT**.

5. The Plaintiff's "Request for Subpoenas for Depositions of Fact Witnesses" [Doc. 38] is construed as a Motion for Subpoenas and is **DENIED**.

6. The Plaintiff's Motion to Compel Discovery [Doc. 42] is **DENIED AS MOOT**.

7. The Plaintiff's Motion to Extend the Case Management Order [Doc. 44] is **GRANTED**. The discovery cutoff date is February 8, 2023,

and the parties shall have until March 8, 2023 to file dispositive motions.

8. The Plaintiff's Motion for Written Deposition on Non-Party Fact Witnesses [Doc. 47] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 9, 2023

Martin Reidinger
Chief United States District Judge